

1  **WEILAND, GOLDEN,** ORIGINAL
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Lei Lei Wang Ekvall, State Bar No. 163047
   650 Town Center Drive, Suite 950
3  Costa Mesa, California 92626
   Telephone:   (714) 966-1000
4  Facsimile:   (714) 966-1002

5  Attorneys for Heide Kurtz, Chapter 7 Trustee

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11  In re                              )   Case No. LA 02-28389 BR
                                       )
12  MEDIA TECHNOLOGY SOURCE OF         )   Chapter 7 Case
    MINNESOTA, LLC,                    )
13                                     )   **MOTION FOR ORDER DISALLOWING**
                                       )   **CLAIMS PURSUANT TO 11 U.S.C. § 502;**
14                                     )   **MEMORANDUM OF POINTS AND**
                                       )   **AUTHORITIES; DECLARATIONS OF**
15                                     )   **HEIDE KURTZ, LEI LEI WANG EKVALL,**
                                       )   **AND JANET HOGAN IN SUPPORT**
16                                     )
                                       )   **DATE:       October 25, 2006**
17                                     )   **TIME:       10:00 a.m.**
                     Debtor.           )   **CTRM:       LA-1668**
18                                     )
    _____)
19

20  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

21         Heide Kurtz, the chapter 7 trustee of the estate of Media Technology Source of

22  Minnesota, LLC ("the Trustee"), files this motion for an order disallowing claims pursuant

23  to 11 U.S.C. § 502 ("the Motion").  In support of the Motion, the Trustee submits the

24  following memorandum of points and authorities and the declarations of Heide Kurtz,

25  Lei Lei Wang Ekvall, and Janet Hogan, and respectfully represents as follows:

26  **I.      BACKGROUND**

27         Media Technology Source of Minnesota, LLC ("the Debtor") filed a petition for

28  relief under chapter 7 of the Bankruptcy Code on June 25, 2002 ("the Petition Date").

1  The Debtor's petition disclosed that it also operated as (a) Media Technology Source,

2  LLC, (b) Media Technology Source, Inc., and (c) Northwest Sound, Inc.  A copy of the

3  Debtor's petition is attached hereto as Exhibit "1."  Heide Kurtz was subsequently

4  appointed chapter 7 trustee.  The claims bar date was set for March 27, 2003.  A copy of

5  the Notice of Possible Dividend and Order Fixing Time to File Claims is attached hereto

6  as Exhibit "2."

7       Two entities related to the Debtor also filed petitions for relief on June 25, 2002.

8  Media Technology Source of Florida, LLC ("MTS Florida") and Media Technology Source

9  of Delaware, Inc. ("MTS Delaware").  MTS Florida's petition disclosed that it had also

10  operated under the names (a) Soundelux Showorks, LLC, and (b) Soundelux Systems,

11  LLC.  A copy of MTS Florida's petition is attached hereto as Exhibit "3."  MTS Delaware

12  also operated as (a) Showorks Entertainment Group of Delaware, Inc., (b) Soundelux

13  Entertainment Group of Delaware, Inc., (c) Soundelux Entertainment Group, Inc., and

14  (d) Intermedia Partners, Inc.  A copy of MTS Delaware's petition is attached hereto as

15  Exhibit "4."

16       After the claims bar date passed, the Trustee examined claims to determine if any

17  were objectionable.  This Motion addresses claims which the Trustee deems warrant

18  objections.

19  **II.**     **MEMORANDUM OF POINTS AND AUTHORITIES**

20       Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part that "[a]

21  proof of claim executed and filed in accordance with these rules shall constitute prima

22  facie evidence of the validity of the amount of the claim."  A claim should not be allowed

23  to the extent that the claim is for "an unenforceable debt against a debtor and property of

24  the debtor, under any agreement or applicable law for a reason other than because such

25  claim is contingent or unmatured . . ."  11 U.S.C. § 502(b)(1).

26       The claimant must establish by a preponderance of the evidence that its claim

27  should be allowed.  The ultimate burden of persuasion is on the claimant.  See Lundell v.

28  Anchor Construction Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000);

1  <u>Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.)</u>, 195 B.R. 92, 96 (9th Cir.

2  B.A.P. 1996).

3       Based on a review of the claims obtained from the Court, the Trustee believes that

4  the claims addressed in this Motion (1) are misclassified, (2) are not obligations of the

5  Debtor, (3) are duplicates, or (4) are otherwise objectionable.  A copy of each affected

6  claim is attached to this Motion and is identified by the Court's docket number pursuant

7  to Local Bankruptcy Rule 3007-1.

8  **III.**     **OBJECTIONS TO CLAIMS**

9       **A.**     **Misclassified Claims**

10          **1.**     **Claims Nos. 2, 3, and 4 - P.W. Baker**

11       P.W. Baker appears to have been employed by the Debtor pursuant to an

12  employment agreement dated September 1999.  The contract was for three years,

13  beginning November 1, 1999, and ending November 1, 2002.  Mr. Baker filed the

14  following claims in connection with his employment:

15          (a)     Claim No. 2 in the amount of $4,635.71.  The claim is for

16  business expenses purportedly incurred in June of 2002 totaling $2,273.72 and

17  travel expenses totaling $2,361.99 which Mr. Baker allegedly incurred when he

18  and his family returned to England in September of 2002 following the Debtor's

19  bankruptcy filing.  The claim is classified as a priority claim under 11 U.S.C.

20  § 507(a)(3);

21          (b)     Claim No. 3 in the amount of $42,267.00 on August 26, 2002.

22  The claim purportedly represents the balance due on his employment contract

23  from the Petition Date to November 1, 2002.  The claim is classified as a priority

24  claim under 11 U.S.C. § 507(a)(3); and

25          (c)     Claim No. 4 in the amount of $212.00 on August 26, 2002.

26  The claim is classified as a priority claim under 11 U.S.C. § 507(a)(3) and

27  purportedly represents medical expenses.  The claim does not specify when the

28  expenses were incurred.

1   Mr. Baker alleges that all of his claims are entitled to priority, but he does not set

2   forth a valid basis for that assertion.  11 U.S.C. § 507(a) provides:

3   "The following expenses and claims have priority in the following
    order:  . . .

4

5   (3)    Third, allowed unsecured claims, but only to the extent of
    $4,650 for each individual or corporation, as the case may be, earned
    within 90 days before the date of the filing of the petition or the date of the

6   cessation of the debtor's business, whichever occurs first, for–

7   (A)    wages, salaries, or commissions, including vacation,
    severance, and sick leave pay earned by an individual; or

8

9   (B)    sales commissions earned by an individual or by a
    corporation with only 1 employee, acting as an independent contractor in
    the sale of goods or services for the debtor in the ordinary course of the

10  debtor's business if, and only if, during the 12 months preceding that date,
    at least 75 percent of the amount that the individual or corporation earned

11  by acting as an independent contractor in the sale of goods or services was
    earned from the debtor;"[1]/

12

13  The claims are not entitled to priority under 11 U.S.C. § 507(a)(3) as they purportedly

14  represent either expenses or the balance of an employment contract, not wages or

15  commissions earned within 90 days preceding the Petition Date.  Accordingly, the

16  Trustee objects to the classification of Claims Nos. 2, 3, and 4 and requests that they be

17  reclassified as general unsecured claims.

18          **2.     Claim No. 22 - Nick Mulone & Son, Inc.**

19          Nick Mulone & Son, Inc., filed Claim No. 22 on January 13, 2003.  The $6,515.60

20  claim is classified as a priority claim and is purportedly for goods sold on February 28,

21  2002.  The claimant does not specify a valid basis for its priority classification, and the

22  Trustee believes none exists.  Accordingly, the Trustee objects to the classification of

23  Claim No. 22 and requests that the claim be reclassified as a general unsecured claim.

24          **3.     Claim No. 26 - Altman Stage Lighting**

25          Altman Stage Lighting filed Claim No. 26 on January 13, 2003.  The $768.00 claim

26  is classified as a priority claim and is purportedly for goods sold on May 15, 2002.  The

27

28  [1]/     The cited statute is the statute in effect on the Petition Date.

1   claimant sets forth no valid basis for its priority classification, and the Trustee believes

2   none exists.  Accordingly, the Trustee objects to the classification of Claim No. 26 and

3   requests that the claim be reclassified as a general unsecured claim.

#### 4.      Claim No.  27 - RSI Power

5   RSI Power filed Claim No. 27 on January 10, 2003.  The $4,219.75 claim is

6   classified as a priority claim and is purportedly for goods sold on March 5, 2002.  The

7   claimant sets forth no valid basis for its priority classification, and the Trustee believes

8   none exists.  Accordingly, the Trustee objects to the classification of Claim No. 27 and

9   requests that the claim be reclassified as a general unsecured claim.

#### 5.      Claim No.  53 - Arbuckle Electric Motors

11  Arbuckle Electric Motors filed Claim No. 53 on February 6, 2003.  The $1,466.50

12  claim is classified as a priority claim and is purportedly for goods sold between

13  February and April of 2002.  The claimant sets forth no valid basis for its asserted

14  classification, and the Trustee believes none exists.  Accordingly, the Trustee objects to

15  the classification of Claim No. 53 and requests that the claim be reclassified as a general

16  unsecured claim in the amount of $1,466.50.

#### 6.      Claim No.  78 - Michael R. Granger

18  Michael R. Granger filed Claim No. 78 in the amount of $2,748.20 on March 19,

19  2003.  The claim is classified as a priority claim and is purportedly for medical expenses

20  incurred on June 25, 2002.  Mr. Granger contends that the expenses are entitled to

21  priority under 11 U.S.C. § 507(a)(4).  11 U.S.C. § 507(a)(4) provides:[2/]

> Fourth, allowed unsecured claims for contributions to an employee benefit plan–
>
> (A)      arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

---

[2/]      The cited statute is the statute in effect on the Petition Date.

(B)   for each such plan, to the extent of–

(i)   the number of employees covered by each such plan multiplied by $4,650; less

(ii)   the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan."

Mr. Granger's medical expenses do not constitute "contributions to an employee benefit plan" and are therefore not entitled to priority.  Accordingly, the Trustee objects to the classification of Claim No. 78 and requests that the claim be reclassified as a general unsecured claim.

### 7.   Claim No. 82 - Gaye Natalie Johnson

Gaye Natalie Johnson filed Claim No. 82 in the amount of $561.60 on March 21, 2003.  The claim is classified as a priority claim and is for medical expenses incurred on April 18, 2002.  Ms. Johnson does not set forth any basis for the asserted priority, and the Trustee believes none exists.  Accordingly, the Trustee objects to the classification of Claim No. 82 and requests that the claim be reclassified as a general unsecured claim.

### 8.   Claim No. 92 - Paul Albin Brenkus

Paul Albin Brenkus filed Claim No. 92 in the amount of $746.00 on March 24, 2003.  The claim is classified as a priority claim and is for medical expenses which are not entitled to priority.  Mr. Brenkus contends that the expenses are entitled to priority under 11 U.S.C. § 507(a)(4).  Mr. Brenkus' medical expenses do not constitute "contributions to an employee benefit plan" and are therefore not entitled to priority.  Accordingly, the Trustee objects to the classification of Claim No. 92 and requests that the claim be reclassified as a general unsecured claim in the amount of $746.00.

### 9.   Claim No.  94 - Reading Phillies Baseball Club

Claim No. 94 was filed by the Reading Phillies Baseball Club ("RHBC") in the amount of $867.22 on March 31, 2003.[3/]  The claim is classified as a priority claim and

---

[3/]    Although the claim was filed after the bar date, it does not appear that the claimant received notice of the bar date.  See Exhibit "2."

1  purportedly represents a "double payment" made by RHBC to the Debtor on April 25,

2  2002.  The claimant sets forth no valid basis for its priority classification, and the Trustee

3  believes none exists.  Accordingly, the Trustee objects to the classification of Claim

4  No. 94 and requests that the claim be reclassified as a general unsecured claim in the

5  amount of $867.22.

6  **B.    Previously Resolved Claims**

7  Following the appointment of the Trustee in or about June 2002, a review of the

8  Debtor's books and records revealed that the Debtor made certain transfers which the

9  Trustee believed were recoverable as preferential transfers.  In an attempt to recover

10  those transfers, the Trustee commenced several adversary proceedings in or about June

11  2004.  Many of those proceedings were resolved by the parties prior to trial.  The

12  following claimants fully or partially released their claims pursuant to settlements:

13  **1.    Claim No.  21 - EOMAC, Inc.**

14  The adversary proceeding commenced by the Trustee against EOMAC was

15  settled by agreement of the parties in or about April of 2005.  The terms of the settlement

16  provided for, among other things, a release of all claims.  The settlement was approved

17  by an order of this Court entered May 16, 2005, a copy of which is attached hereto as

18  Exhibit "5."

19  EOMAC filed Claim No. 21 on January 17, 2003, in the amount of $7,822.50.

20  Pursuant to the terms of the settlement, EOMAC released all claims against the estate.

21  Accordingly, the Trustee objects to Claim No. 21 and requests that the claim be

22  disallowed in its entirety.

23  **2.    Claim No.  35 - Ballantyne of Omaha, Inc.**

24  The adversary proceeding commenced by the Trustee against Ballantyne of

25  Omaha, Inc. ("Ballantyne") was settled by agreement of the parties in or about January

26  of 2005.  The terms of the settlement provided for, among other things, a release of all

27  claims.  The settlement was approved by an order of this Court entered May 16, 2005, a

28  copy of which is attached hereto as Exhibit "5."

1    Ballantyne filed Claim No. 35 on January 30, 2003, in the amount of $443,116.74.

2    Pursuant to the terms of the settlement, Ballantyne released all claims against the estate.

3    Accordingly, the Trustee objects to Claim No. 35 and requests that the claim be

4    disallowed in its entirety.

5    **3.    Claim No. 52 - Ultra Stereo Labs, Inc.**

6    The adversary proceeding commenced by the Trustee against Ultra Stereo Labs,

7    Inc. ("USL") was settled by agreement of the parties in or about December of 2004.  The

8    terms of the settlement provided for, among other things, a release of all claims.  The

9    settlement was approved by an order of this Court entered January 28, 2005, a copy of

10    which is attached hereto as Exhibit "6."

11    USL filed Claim No. 52 on January 21, 2003, in the amount of $44,995.71.

12    Pursuant to the terms of the settlement, USL released all claims against the estate,

13    including Claim No. 52.  Accordingly, the Trustee objects to Claim No. 52 and requests

14    that the claim be disallowed in its entirety.

15    **4.    Claim No. 70 - TDI Thermal Plastic Design, Inc.**

16    The adversary proceeding commenced by the Trustee against Thermal Plastic

17    Design, Inc. ("TDI") was settled by agreement of the parties in or about July of 2005.

18    The terms of the settlement provided for, among other things, a release of all claims.

19    The settlement was approved by an order of this Court entered August 25, 2005, a copy

20    of which is attached hereto as Exhibit "7."

21    TDI filed Claim No. 70 on March 10, 2003, in the amount of $80,020.01.  Pursuant

22    to the terms of the settlement, TDI released all claims against the estate.  Accordingly,

23    the Trustee objects to Claim No. 70 and requests that the claim be disallowed in its

24    entirety.

25    **5.    Claim No. 71 - Meehan Tool & Engineering**

26    The adversary proceeding commenced by the Trustee against Meehan Tool &

27    Engineering ("Meehan") was settled by agreement of the parties in or about July of 2005.

28    The terms of the settlement provided for, among other things, a release of all claims.

1  The settlement was approved by an order of this Court entered August 25, 2005, a copy

2  of which is attached hereto as Exhibit "7."

3      Meehan filed Claim No. 71 on March 10, 2003, in the amount of $9,390.00.

4  Pursuant to the terms of the settlement, Meehan released all claims against the estate.

5  Accordingly, the Trustee objects to Claim No. 71 and requests that the claim be

6  disallowed in its entirety.

7              **6.    Claim No.  93 - Christie Inc.**

8      The adversary proceeding commenced by the Trustee against Christie, Inc., was

9  settled by agreement of the parties in or about March of 2005.  The terms of the

10  settlement provided for, among other things, for Christie to have an allowed general

11  unsecured claim in the amount of $400,000.00.  The settlement was approved by an

12  order of this Court entered May 16, 2005, a copy of which is attached hereto as

13  Exhibit "5."

14      Christie, Inc. filed Claim No. 93 on March 28, 2003, in the amount of $592,220.70.

15  Pursuant to the terms of the settlement, Christie will have an allowed claim in the amount

16  of $400,000.00.  Accordingly, the Trustee objects to Claim No. 93 and requests that the

17  claim be reduced to a $400,000.00 general unsecured claim.

18          **C.    Duplicate or Superseded Claims**

19              **1.    Claim No.  32 - Coverall of the Twin Cities**

20      Coverall of the Twin Cities ("Coverall") filed Claim No. 32 on January 21, 2003.

21  The claim is purportedly for services performed on June 1, 2002, and is in the amount of

22  $1,411.13.  Coverall also filed Claim No. 51 in the amount of $1,411.13 on January 21,

23  2003.  The claims are identical. Accordingly, the Trustee objects to Claim No. 32 as a

24  duplicate of Claim No. 51 and requests that Claim No. 32 be disallowed in its entirety.

25              **2.    Claims No.  40 - Dolby Laboratories, Inc.**

26      Dolby Laboratories, Inc. ("Dolby") filed Claim No. 40 on February 7, 2003.  The

27  claim is for $125,956.27 and is allegedly for goods sold between December 5, 2001, and

28  June 15, 2002.  Dolby also filed Claim No. 99 in the amount of $193,456.00 on

1  January 6, 2005.  Claim No. 99 amends Claim No. 40.  Thus, the Trustee objects to

2  Claim No. 40 as it is superseded by Claim No. 99, and the Trustee requests that Claim

3  No. 40 be disallowed in its entirety.

4  ### 3.    Claim No.  68 - Paul Albin Brenkus

5  Paul Alan Brenkus ("Brenkus") filed Claim No. 68 in the amount of $4,877.54 on

6  February 26, 2003.  The claim is classified as a priority claim for compensation earned

7  between June 8 and June 25, 2002.  The documents supporting the claim represent both

8  wages and expenses.

9  Brenkus also filed Claim No. 91 in the amount of $4,131.54 on March 24, 2003.

10  The claim is classified as a priority claim for wages, salary, and compensation also

11  earned between June 8 and June 25, 2002.  Claim No. 91 appears to be identical to

12  Claim 68 minus some of the expenses included in Claim No. 68.

13  Brenkus also filed Claim No. 92 in the amount of $746.00 on March 24, 2003.

14  The claim is classified as a priority claim and is for expenses.  The Trustee believes that

15  the expenses represented by Claim No. 92 are included in Claim No. 68, but not Claim

16  No. 91.

17  Accordingly, the Trustee objects to Claim No. 68 as it is superseded by Claims

18  No. 91 and No. 92, and the Trustee requests that Claim No. 68 be disallowed in its

19  entirety.

20  ### D.    Claims Not Stated in U.S. Dollars

21  ### 1.    Claim No.  55 - Gradus Lighting

22  Gradus Lighting filed Claim No. 55 in the amount of £ 415 (in U.K. pounds) on

23  January 27, 2003.  The claim is for goods sold and is classified as a general unsecured

24  claim.  Claim No. 55 is stated in U.K. pounds, not U.S. dollars.  In order to facilitate any

25  distribution by the estate, the claimed amount needs to be converted to U.S. dollars as of

26  the Petition Date.  The conversion rate at the Petition Date, according to the conversion

27  rate posted on the Bank of Canada website, is 1.50.  Based on that currency conversion

28  rate, the claim amount in U.S. dollars is $622.51.  A copy of the currency conversion

1 | result is attached as Exhibit "9." Accordingly, the Trustee requests that Claim No. 55 be

2 | restated as a general unsecured claim in the amount of $622.51.

3 | **E.    Other Objections**

4 |     **1.    Claim No. 9 - Johil, LLC**

5 |     Johil, LLC, filed Claim No. 9 in the amount of $61,729.53 on October 24, 2002.

6 | Johil was the lessor of the premises occupied by the Debtor at 10501 Florida Avenue

7 | South, Bloomington, Minnesota ("the Leased Premises"), pursuant to a lease dated

8 | October 1, 1997 ("the Lease"). The Lease provided for monthly rent payments of

9 | $16,400.00. A copy of the Lease is attached hereto as Exhibit "10."

10 |     Johil's claim consists of a general unsecured claim of $18,333.33 for pre-petition

11 | rent and an administrative priority claim of $43,396.20 for post-petition rent. The Lease

12 | was deemed rejected 60 days after the Petition Date, and, based on the monthly rent

13 | payments provided for in the Lease, Johil's total administrative claim is $32,800.00.

14 | There are no documents attached to the claim which support Johil's $43,396.20

15 | administrative claim.

16 |     Impulse, LLC, an affiliate of the Debtor, shared the Leased Premises with the

17 | Debtor. Impulse filed a bankruptcy petition on the same day as the Debtor. Johil

18 | asserted an identical administrative claim against Impulse. The Trustee and Johil

19 | stipulated to the allowance of an $11,000.00 administrative claim in the Impulse case,

20 | which was approved by order entered February 21, 2003. A copy of the order is

21 | attached as Exhibit "11." Johil was paid $11,000.00 on account of its administrative

22 | claim from the Impulse estate. See Declaration of Heide Kurtz attached hereto.

23 |     In light of the foregoing, Johil's administrative claim should be reduced to

24 | $21,800.00 (rent at $16,400 per month for two months, less $11,000.00 paid by the

25 | Impulse estate).

26 |     **2.    Claim No. 13 - Bruce Clark**

27 |     Bruce Clark filed Claim No. 13 on January 9, 2003. The claim is allegedly for

28 | royalties of "10¢ per cupholder sold" earned from May 29, 2002, to the Petition Date. Mr.

1   Clark, however, does not account for the number of cupholders sold and does not assign

2   an amount to his claim. Accordingly, barring the receipt of further information from Mr.

3   Clark, the Trustee objects to Claim No. 13 and requests that it be disallowed in its

4   entirety.

5            **3.    Claim No. 29 - Asbecon Mills, Inc.**

6       Asbecon Mills, Inc. filed Claim No. 29 on January 13, 2003. The claim is for

7   $7,447.67 and is for goods purportedly sold in July and August of 2002. The documents

8   supporting the claim establish that the goods were shipped post-petition and, therefore,

9   the claimant is not entitled to share in a distribution of estate proceeds. The Debtor did

10   not operate after the Petition Date, and any services rendered by the claimant provided

11   no benefit to the estate. Accordingly, the Trustee objects to Claim No. 29 and requests

12   that it be disallowed in its entirety.

13           **4.    Claim No. 74 - Double-D Installation, Inc.**

14       According to the Court's claims register, Double-D Installation filed Claim No. 74 in

15   the amount of $3,439.00. Claim No. 74 is not in the Court's file, and the Trustee was

16   unable to obtain a copy of the claim for review. Double-D Installation filed a claim in the

17   same amount against MTS Delaware.

18       The Trustee served a request for copy of the missing claim on the claimant

19   pursuant to Local Bankruptcy Rule 3007-1(c)(2)(D) on August 3, 2006. A copy of the

20   notice is attached hereto as Exhibit "12." Local Bankruptcy Rule 3007-1(c)(2)(D)

21   provides that, within 30 days of service of such a request, the claimant must provide a

22   complete copy of the claim to the Court. Failure to do so may constitute grounds for an

23   objection to the claim based on inadequate documentation. The deadline to file a

24   duplicate copy of the claim was September 2, 2006. As of September 11, 2006, the

25   Trustee had not received a copy of the claim and a review of the docket indicates that

26   Double-D Installation did not furnish a copy of the claim to the Court. Accordingly, the

27   Trustee objects to Claim No. 74 based on inadequate documentation and requests that

28   the claim be disallowed in its entirety.

5.    **Claim No. 76 - Component Engineering**

According to the Court's claims register, Component Engineering filed Claim No. 76 in the amount of $21,631.30.  Claim No. 76 is not in the Court's file, and the Trustee has been unable to obtain a copy of the claim for review.  Component Engineering has also filed a $27,474.52 claim against MTS Delaware.

The Trustee served a request for copy of the missing claim on the claimant pursuant to Local Bankruptcy Rule 3007-1(c)(2)(D) on August 3, 2006.  A copy of the notice is attached hereto as Exhibit "13."  Local Bankruptcy Rule 3007-1(c)(2)(D) provides that, within 30 days of service of such a request, the claimant must provide a complete copy of the claim to the Court.  Failure to do so may constitute grounds for an objection to the claim based on inadequate documentation.  The deadline to file a duplicate copy of the claim was September 2, 2006.  As of September 11, 2006, the Trustee had not received a copy of the claim and a review of the docket indicates that Component Engineering did not furnish a copy of the claim to the Court.[4/]

In the event Component Engineering does not furnish a copy of Claim No. 76 to the Court within such 30-day time frame, the Trustee objects to Claim No. 76 based on inadequate documentation and as being superseded by Claim No. 77 and requests that the claim be disallowed in its entirety.

6.    **Claim No.  95 - Franklin Designs, Inc.**

Franklin Designs, Inc. filed Claim No. 95 in the amount of $50,000.00 on February 11, 2004.  The claims bar date was March 27, 2003 (see Exhibit "2").  Despite receiving notice of the bar date (see Exhibit "2" at page 15), Claim No. 95 is late-filed.  Accordingly, the Trustee objects to Claim No. 95 and requests that it be subordinated as a late-filed claim in accordance with 11 U.S.C. § 726(a)(3).

---

[4/]    Component Engineering also filed Claim No. 77 in an identical amount.  The Trustee believes that Claim No. 76 may be a duplicate of Claim No. 77; however, the Trustee is unable to review both claims in order to confirm the duplication.

### 7.    Unfiled Claim of State of Arizona

On or about February 14, 2003, the Trustee received a copy of a claim in the amount of $512,980.68 from the State of Arizona ("Arizona"). The claim is not reflected on the Court's register, and Arizona did not file the claim ("the Unfiled Claim"). Copies of the Unfiled Claim and the Court's claims register are attached hereto as Exhibits "14" and "15," respectively.

In August of 2004, the Trustee requested a file-stamped copy of the claim from Arizona to establish that the claim had in fact been filed with the Court. The Trustee's letter advised Arizona that its failure to respond would confirm the Trustee's suspicions that Arizona never filed the claim and that it did not intend to file the claim. A copy of the Trustee's letter is attached hereto as Exhibit "16." Arizona did not respond to the Trustee's request.

In March of 2006, the Trustee again contacted the Arizona to request information concerning the basis for the claim. The claim is based on certain "proposed assessments," but the claim contains insufficient information to determine whether it has any substance. Arizona declined to release any information to the Trustee without the Debtor's authorization and requested that the Trustee complete a form entitled "General Disclosure/Representation Authorization Form before it would consider making any disclosures. The Trustee complied but never received a response. Copies of the Trustee's letter to Arizona and its response are attached collectively hereto as Exhibit "17."

In a last-ditch effort to obtain information from Arizona concerning the claim, the Trustee and her accountants attempted to contact Arizona via telephone. To date, neither has received a response.

Accordingly, even though the claim was not filed with the Court, the Trustee objects to the Unfiled Claim in an abundance of caution and requests that it be disallowed in its entirety.

**F.    Claims Erroneously Filed Against the Debtor**

The Trustee believes that the following claims are not obligations of the Debtor for the reasons stated below:

**1.    Claim No. 7 - Express Scripts, Inc.**

Express Scripts, Inc. filed Claim No. 7 in the amount of $6,602.54.  The claim is classified as a priority claim.  The documents supporting the claim consist of invoices or statements directed to Soundelux Entertainment Group, which was a predecessor of MTS Delaware.  The Debtor never operated as Soundelux Entertainment Group, and the claim is not an obligation of the Debtor.  The Trustee objects to Claim No. 7 on that basis and requests that it be disallowed in its entirety.

**2.    Claim No. 33 - Noonan Communications Group**

Noonan Communications Group ("Noonan") filed Claim No. 33 in the amount of $2,580.75 on January 24, 2003.  The claim is purportedly for goods sold on January 2, 2001.  The documents supporting the claim are directed to "Proline Auto, LLC," and the Trustee does not believe the claim is an obligation of the estate.  The Debtor did not list Noonan Communications Group in its schedules.  Accordingly, the Trustee objects to Claim No. 33 and requests that the claim be disallowed in its entirety.

**3.    Claim No. 43 - Moseley Martens, LLP**

Moseley Martens LLP filed Claim No. 43 in the amount of $3,219.53.  The claim is classified as a general unsecured claim.  The documents supporting the claim consist of invoices or statements directed to Soundelux Showorks, Inc., which was a predecessor of MTS Florida, and Moseley Martens filed claims in an identical amount against MTS Florida and MTS Delaware.  The Debtor never operated as Soundelux Showorks, and the claim is not an obligation of the Debtor.  The Trustee objects to Claim No. 43 on that basis and requests that it be disallowed in its entirety.

**4.    Claim No. 47 - B Manufacturing**

B Manufacturing filed Claim No. 47 in the amount of $1,972.97 on January 21, 2003.  The claim is classified as a general unsecured claim.  The documents supporting

1  the claim consist of invoices or statements directed to Soundelux Showorks, which was a

2  predecessor of MTS Florida, and B Manufacturing filed claims in an identical amount

3  against MTS Florida and MTS Delaware.  The Debtor never operated as Soundelux

4  Showorks, and the claim is not an obligation of the Debtor.  The Trustee objects to Claim

5  No. 47 on that basis and requests that it be disallowed in its entirety.

6            **5.    Claim No. 48 - Scala, Inc.**

7        Scala, Inc. filed Claim No. 48 in the amount of $4,915.00 on January 21, 2003.

8  The claim is classified as a general unsecured claim.  The documents supporting the

9  claim consist of invoices or statements directed to Soundelux Showorks, which was a

10  predecessor of MTS Florida.  The Debtor never operated as Soundelux Showorks, and

11  the claim is not an obligation of the Debtor.  For that reason, the Trustee objects to Claim

12  No. 48 and requests that it be disallowed in its entirety.

13            **6.    Claim No. 50 - Digital Video Systems**

14        Digital Video Systems filed Claim No. 50 in the amount of $24,775.72 on

15  January 21, 2003.  The claim is classified as a general unsecured claim.  The documents

16  supporting the claim consist of invoices or statements directed to Soundelux Systems,

17  which was a predecessor of MTS Florida, and Digital Video Systems filed claims in

18  identical amounts against MTS Florida and MTS Delaware.  The Debtor never operated

19  as Soundelux Systems, and the claim is not an obligation of the Debtor.  For that reason,

20  the Trustee objects to Claim No. 50 and requests that it be disallowed in its entirety.

21            **7.    Claim No. 73 - John T. Sery**

22        John T. Sery filed Claim No. 73 in the amount of $5,400.00 on March 17, 2003.

23  The documents supporting the claim consist of a wage statement from Showorks

24  Entertainment Group and a general release of MTS Delaware executed by Mr. Sery and

25  an unsigned separation agreement from MTS Delaware.  None of the documents

26  supporting Mr. Sery's claim indicates the claim is an obligation of the Debtor.  For that

27  reason, the Trustee objects to Claim No. 73 and requests that it be disallowed in its

28  entirety.

1

8.    **Claim No. 79 - Sony Electronics, Inc.**

2    Sony Electronics filed Claim No. 79 in the amount of $30,969.97 on March 18,

3    2003. The documents supporting the claim indicate that a portion of the claim

4    ($2,871.13) is for goods provided to MTS West in Glendale, California. Sony Electronics

5    also filed a claim against MTS Delaware. The Debtor has never operated as MTS West,

6    and that portion of the claim is not an obligation of the Debtor. Accordingly, the Trustee

7    objects to Claim No. 79 and requests that it be reduced from a $30,696.97 general

8    unsecured claim to a $27,459.28 general unsecured claim.

9

9.    **Claim No. 81 - Matthew Gall**

10    Matthew Gall filed Claim No. 81 in an unstated amount. The claim is also

11    unsigned. The documents supporting the claim consist of invoices or statements

12    directed to Mr. Gall at MTS Entertainment in Florida. The Debtor never operated as MTS

13    Entertainment and never operated in Florida, and the claim is not an obligation of the

14    Debtor. For that reason, the Trustee objects to Claim No. 81 and requests that it be

15    disallowed in its entirety.

16

10.    **Claim No. 83 - Dutch Franklin Business Services**

17    Dutch Franklin Business Services filed Claim No. 83 in the amount of $11,608.75.

18    The claim appears to be for post-petition charges and is classified as a priority claim,

19    although no basis is specified. The documents supporting the claim consist of invoices

20    or statements from CBIZ Southern California and are directed to Showorks

21    Entertainment Group of Delaware, Inc., which was a predecessor of MTS Delaware. The

22    Debtor never operated as Showorks Entertainment Group of Delaware, and the claim is

23    not an obligation of the Debtor. For that reason, the Trustee objects to Claim No. 83 and

24    requests that it be disallowed in its entirety.

25

11.    **Claim No. 88 - Joseph F. Masberg**

26    Joseph F. Masberg filed Claim No. 88 in the amount of $2,520.00. The claim is

27    classified as a priority claim for wages. The documents supporting the claim consist of a

28    general release of MTS Delaware executed by Mr. Masberg and an unsigned separation

1   agreement from MTS Delaware.  None of the documents supporting Mr. Masberg's claim

2   indicates the claim is an obligation of the Debtor.  For that reason, the Trustee objects to

3   Claim No. 88 and requests that it be disallowed in its entirety.

4   **II.    REVISIONS TO THE COURT'S DOCKET**

5          The classification of the following proofs of claim has been misrecorded on the

6   Court's claims docket, and the Trustee requests that the Court authorize the amendment

7   of the Court's claims docket to accurately reflect the classification designated on or

8   supported by the proofs of claim.

| Claim No. | Claimant | Date Filed | Amount | Classification on Court's Docket | Classification on Proof of Claim and Requested Classification |
|---|---|---|---|---|---|
| 11 | JVC Americas | 11/15/02 | $ 1,365.63 | Secured | General Unsecured |
| 15 | Brian Small | 01/08/03 | $ 330.00 | Priority | General Unsecured |
| 16 | QUVIS | 01/08/03 | $ 17,242.00 | Secured | General Unsecured |
| 18 | CW Communications | 01/07/03 | $ 312.20 | Priority | General Unsecured |
| 37 | Office of State Tax Commissioner | 02/07/03 | $ 693.67 | Secured | Priority (§507(a)(8)) |
| 87 | State Board of Equalization | 03/26/03 | $ 1,184.40 | Priority | $940.00 priority $244.40 general unsecured § 726(a) |

19   **III.   RESERVATION OF RIGHTS**

20          The Trustee reserves the right to object to any claim contained in this Motion on

21   any other grounds to the extent he determines an objection is warranted.

22   **IV.    CONCLUSION**

23          Based on the foregoing, the Trustee respectfully requests an order:

24          A.      Sustaining the Trustee's objections and disposing of the claims as

25   requested in the table below:

### MISCLASSIFIED CLAIMS

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 2 | P.W. Baker | $ 4,635.71 | Reclassify as general unsecured claim |
| 3 | P.W. Baker | $ 42,267.00 | Reclassify as general unsecured claim |
| 4 | P.W. Baker | $ 212.00 | Reclassify as general unsecured claim |
| 22 | Nick Mulone & Son, Inc. | $ 6,515.60 | Reclassify as general unsecured claim |
| 26 | Altman Stage Lighting | $ 768.00 | Reclassify as general unsecured claim |
| 27 | RSI Power | $ 4,219.75 | Reclassify as general unsecured claim |
| 53 | Arbuckle Electric Motors | $ 1,466.50 | Reclassify as general unsecured claim |
| 78 | Michael R. Granger | $ 2,748.20 | Reclassify as general unsecured claim |
| 82 | Gaye Natalie Johnson | $ 561.60 | Reclassify as general unsecured claim |
| 92 | Paul Albin Brenkus | $ 746.00 | Reclassify as general unsecured claim |
| 94 | Reading Phillies Baseball Club | $ 867.22 | Reclassify as general unsecured claim |

### Previously Resolved Claims

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 21 | EOMAC, Inc. | $ 7,822.50 | Disallow in its entirety |
| 35 | Ballantyne of Omaha, Inc. | $ 443,116.74 | Disallow in its entirety |
| 52 | Ultra Stereo Labs, Inc. | $ 44,995.71 | Disallow in its entirety |
| 70 | TDI Thermal Plastic Design, Inc. | $ 80,020.01 | Disallow in its entirety |
| 71 | Meehan Tool & Engineering | $ 9,390.00 | Disallow in its entirety |
| 93 | Christie Inc. | $ 592,222.70 | Reduce to general unsecured claim in the amount of $400,000.00 |

### Duplicate or Superseded Claims

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 32 | Coverall of the Twin Cities | $ 1,411.13 | Disallow in its entirety |
| 40 | Dolby Laboratories, Inc. | $ 125,956.27 | Disallow in its entirety |
| 68 | Paul Albin Brenkus | $ 4,877.54 | Disallow in its entirety |

### Claims Not Stated in U.S. Currency

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 55 | Gradus Lighting | £415.00 | Convert to general unsecured claim in the amount of $622.51 |

**Other Objections**

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 9 | Johil, LLC | $ 61,729.53 | Reduce administrative portion of claim to $21,800.00; general unsecured portion of claim remains at $18,333.33 |
| 13 | Bruce Clark | Unstated | Disallow in its entirety |
| 29 | Asbecon Mills, Inc. | $ 7,447.67 | Disallow in its entirety |
| 74 | Double-D Installation, Inc. | $ 3,439.00 | Disallow in its entirety |
| 76 | Component Engineering | $ 21,631.30 | Disallow in its entirety |
| 95 | Franklin Designs, Inc. | $ 50,000.00 | Subordinate as late-filed in accordance with § 726(a)(3) |
| Unfiled | State of Arizona | $ 512,980.68 | Disallow in its entirety |

**Claims Erroneously Filed Against the Debtor**

| Claim No. | Claimant | Amount | Requested Disposition |
|---|---|---|---|
| 7 | Express Scripts, Inc. | $ 6,602.54 | Disallow in its entirety |
| 33 | Noonan Communications Group | $ 2,580.75 | Disallow in its entirety |
| 43 | Moseley Martens, LLP | $ 3,219.53 | Disallow in its entirety |
| 47 | B Manufacturing | $ 1,972.97 | Disallow in its entirety |
| 48 | Scala, Inc. | $ 4,915.00 | Disallow in its entirety |
| 50 | Digital Video Systems | $ 24,775.72 | Disallow in its entirety |
| 73 | John T. Sery | $ 5,400.00 | Disallow in its entirety |
| 79 | Sony Electronics | $ 30,969.97 | Reduce to general unsecured claim in the amount of $27,459.28 |
| 81 | Matthew Gall | Unstated | Disallow in its entirety |
| 83 | Dutch Franklin Business Services | $ 11,608.75 | Disallow in its entirety |
| 88 | Joseph F. Masberg | $ 2,520.00 | Disallow in its entirety |

**Revisions to the Court's Docket**

| Claim No. | Claimant | Amount | Classification on Court's Docket | Classification on Proof of Claim and Requested Revision to Court's Docket |
|---|---|---|---|---|
| 11 | JVC Americas | $ 1,365.63 | Secured | General unsecured claim |
| 15 | Brian Small | $ 330.00 | Priority | General unsecured claim |
| 16 | QUVIS | $ 17,242.00 | Secured | General unsecured claim |
| 18 | CW Communications | $ 312.20 | Priority | General unsecured claim |

| Claim No. | Claimant | Amount | Classification on Court's Docket | Classification on Proof of Claim and Requested Revision to Court's Docket |
|---|---|---|---|---|
| 37 | Office of State Tax Commissioner | $ 693.67 | Secured | Priority claim (§ 507(a)(8)) |
| 87 | State Board of Equalization | $ 1,184.40 | Priority | $940.00 priority claim (§ 507(a)(8)) $244.40 General unsecured claim (§ 726(a)(4) and (5)) |

Respectfully submitted,

DATED: September 21, 2006

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: _____
LEI LEI WANG EKVALL
Attorneys for Heide Kurtz,
Chapter 7 Trustee

1

## DECLARATION OF HEIDE KURTZ

2

3        I, Heide Kurtz, declare:

4        1.        I am the chapter 7 trustee of the estate of Media Technology Source of

5    Delaware, Inc. ("the Debtor"). I know each of the following facts to be true of my own

6    personal knowledge, except as otherwise stated, and, if called as a witness, I could and

7    would competently testify with respect thereto. I make this declaration in support of the

8    Motion for Order Disallowing Claims Pursuant to 11 U.S.C. § 502 ("the Motion"). All terms

9    as defined in the Motion are incorporated herein by this reference.

10        2.        A Court's docket reflects that Media Technology Source of Minnesota, LLC

11    ("the Debtor"), filed a petition for relief under chapter 7 of the Bankruptcy Code on

12    June 25, 2002 ("the Petition Date"). The Debtor's petition disclosed that it also operated

13    as (a) Media Technology Source, LLC, (b) Media Technology Source, Inc., and

14    (c) Northwest Sound, Inc. I was subsequently appointed chapter 7 trustee.

15        3.        Two entities related to the Debtor also filed petitions for relief on June 25,

16    2002. Media Technology Source of Florida, LLC ("MTS Florida") and Media Technology

17    Source of Delaware, Inc. ("MTS Delaware"). I was also the chapter 7 trustee of MTS

18    Florida and MTS Delaware.

19        4.        To the best of my knowledge, the Debtor leased the premises located at

20    10501 Florida Avenue South, Bloomington, Minnesota from Johil, LLC. Impulse, LLC, an

21    affiliate of the Debtor ("Impulse"), shared the premises with the Debtor. Impulse filed a

22    petition under chapter 7 of the Bankruptcy Code on the same day as the Debtor. The

23    Trustee was appointed trustee of the Impulse estate.

24        5.        Johil asserted an administrative claim against Impulse for post-petition rent,

25    and the Trustee and Johil stipulated to the allowance of an $11,000.00 administrative

26    claim. The stipulation was approved by order entered February 21, 2003, a copy of which

27    is attached as Exhibit "11." Johil was paid $11,000.00 on account of its administrative

28    claim from the Impulse estate.

6.      To the best of my knowledge, the Debtor never operated as Soundelux Entertainment Group, Proline Auto, LLC, Soundelux Showorks, Soundelux Systems, MTS West, MTS Entertainment, or Showorks Entertainment Group of Delaware.

7.      On or about February 14, 2003, I received a copy of a claim in the amount of $512,980.68 from the State of Arizona ("Arizona"). A copy of the claim is attached hereto as Exhibit "14."

8.      Arizona's claim does not appear on the Court's claims register. A copy of the register is attached hereto as Exhibit "15."

9.      In August of 2004, I requested a file-stamped copy of the claim from Arizona to establish that the claim had in fact been filed with the Court. A copy of my letter is attached hereto as Exhibit "16." Arizona did not respond to my request.

10.      In March of 2006, I again contacted Arizona to request information concerning the basis for the claim. Arizona would not release information to me without the Debtor's authorization and requested that I complete a form entitled "General Disclosure/Representation Authorization Form. I did so, but I never received a response. Copies of my letter to Arizona and Arizona's response thereto are attached collectively hereto as Exhibit "17."

11.      In a last-ditch effort to obtain information from Arizona concerning the claim, I attempted to contact Arizona via telephone. To date, I have not received a response.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of September, 2006, at San Pedro, California.

HEIDE KURTZ

## DECLARATION OF LEI LEI WANG EKVALL

I, Lei Lei Wang Ekvall, declare:

1.    I am a partner of the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP, attorneys of record for Heide Kurtz, the chapter 7 trustee of the estate of Media Technology Source of Minnesota, LLC ("the Debtor"). I am licensed to practice before this Court and the courts of the State of California. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Trustee's Motion for Order Disallowing Claims Pursuant to 11 U.S.C. § 502 ("the Motion"). All terms as defined in the Motion are incorporated herein by this reference.

2.    A review of the PACER docket indicates that Media Technology Source of Minnesota, LLC ("the Debtor"), filed a petition for relief under chapter 7 of the Bankruptcy Code on June 25, 2002 ("the Petition Date"). The Debtor's petition disclosed that it also operated as (a) Media Technology Source, LLC, (b) Media Technology Source, Inc., and (c) Northwest Sound, Inc. A copy of the Debtor's petition is attached hereto as Exhibit "1."

3.    A copy of the Notice of Possible Dividend and Order Fixing Time to File Claims setting the claims bar date is attached hereto as Exhibit "2."

4.    Two entities related to the Debtor also filed petitions for relief on June 25, 2002. Media Technology Source of Florida, LLC ("MTS Florida") and Media Technology Source of Delaware, Inc. ("MTS Delaware"). MTS Florida's petition disclosed that it had also operated under the names (a) Soundelux Showorks, LLC, and (b) Soundelux Systems, LLC. A copy of MTS Florida's petition is attached hereto as Exhibit "3."

5.    MTS Delaware also operated as (a) Showorks Entertainment Group of Delaware, Inc., (b) Soundelux Entertainment Group of Delaware, Inc., (c) Soundelux

1 Entertainment Group, Inc., and (d) Intermedia Partners, Inc. A copy of MTS Delaware's

2 petition is attached hereto as Exhibit "4."

3       6.     The preference claims against EOMAC, Ballantyne, and Christie were

4 settled by agreement of the respective parties. A copy of the order approving the

5 settlements is attached hereto as Exhibit "5."

6       7.     The preference claim against Ultra Stereo Labs was settled by agreement of

7 the parties. A copy of the order approving the settlement is attached hereto as

8 Exhibit "6."

9       8.     The preference claims against TDI and Meehan were settled by agreement

10 of the respective parties. A copy of the order approving the settlement is attached hereto

11 as Exhibit "7."

12       9.     The Gradus Lighting (Claim No. 55) was expressed in British pounds, not

13 U.S. dollars. Attached hereto as Exhibit "9" is a copy of the currency conversion results

14 obtained from Bank of Canada, converting the amount of the Gradus claim to U.S. Dollars

15 as of the Petition Date.

16      10.    Johil was the lessor of the premises occupied by the Debtor at 10501

17 Florida Avenue South, Bloomington, Minnesota ("the Leased Premises"), pursuant to a

18 lease dated October 1, 1997 ("the Lease"). The Lease provided for monthly rent

19 payments of $16,400.00. A copy of the Lease is attached hereto as Exhibit "10."

20      11.    My office served a request for copy of the missing claim on Double-D

21 Installation pursuant to Local Bankruptcy Rule 3007-1(c)(2)(D) on August 3, 2006. A copy

22 of the notice with proof of service is attached hereto as Exhibit "12." As of September 11,

23 2006, my office had not received a copy of the claim and a review of the docket indicated

24 that Double-D Installation did not furnish a copy of the claim to the Court.

25      12.    My office served a request for copy of the missing claim on Component

26 Engineering pursuant to Local Bankruptcy Rule 3007-1(c)(2)(D) on August 3, 2006. A

27 copy of the notice with proof of service is attached hereto as Exhibit "13." As of

28 September 11, 2006, my office had not received a copy of the claim and a review of the

1  docket indicated that Component Engineering did not furnish a copy of the claim to the

2  Court.

3      I declare under penalty of perjury that the foregoing is true and correct.

4      Executed this 21 day of September, 2006, at Costa Mesa, California.

                                      LEI LEI WANG EKVALL

# DECLARATION OF JANET HOGAN

I, Janet Hogan, declare:

1.    I am a paralegal employed by the law firm of Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP, attorneys of record for Heide Kurtz, the chapter 7 trustee of the estate of Media Technology Source of Minnesota, LLC ("the Debtor").  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.

2.    True and correct copies of the claims listed below which were obtained from the Court's designated copy service are attached hereto, except that personal information, such as social security and credit card account numbers, has been redacted from the copies.   The claims are identified by their respective claim numbers.

| | | | | |
|---|---|---|---|---|
| 2 | P.W. Baker | | 35 | Ballantyne of Omaha, Inc. |
| 3 | P.W. Baker | | 37 | Office of State Tax Commissioner |
| 4 | P.W. Baker | | 40 | Dolby Laboratories, Inc. |
| 7 | Express Scripts, Inc. | | 43 | Moseley Martens, LLP |
| 9 | Johil, LLC | | 47 | B Manufacturing |
| 11 | JVC Americas | | 48 | Scala, Inc. |
| 13 | Bruce Clark | | 50 | Digital Video Systems |
| 15 | Brian Small | | 52 | Ultra Stereo Labs, Inc. |
| 16 | QUVIS | | 53 | Arbuckle Electric Motors |
| 18 | CW Communications | | 55 | Gradus Lighting |
| 21 | EOMAC, Inc. | | 68 | Paul Albin Brenkus |
| 22 | Nick Mulone & Son, Inc. | | 70 | TDI Thermal Plastic Design, Inc. |
| 26 | Altman Stage Lighting | | 71 | Meehan Tool & Engineering |
| 27 | RSI Power | | 73 | John T. Sery |
| 29 | Asbecon Mills, Inc. | | 78 | Michael R. Granger |
| 32 | Coverall of the Twin Cities | | 79 | Sony Electronics |
| 33 | Noonan Communications Group | | 81 | Matthew Gall |

| 82 | Gaye Natalie Johnson |
|----|----------------------|
| 83 | Dutch Franklin Business Services |
| 87 | State Board of Equalization |
| 88 | Joseph F. Masberg |

| 92 | Paul Albin Brenkus |
|----|--------------------|
| 93 | Christie Inc. |
| 94 | Reading Phillies Baseball Club |
| 95 | Franklin Designs, Inc. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of September, 2006, at Costa Mesa, California.

JANET HOGAN

@PFDesktop\::ODMA/MHODMA/WGSQL;Firm;183316;1

DECLARATION